UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES WHITE, an individual; JEAN WHITE, an individual<br><br>Plaintiffs,<br>v.<br><br>5 ARCH INCOME FUND 2, LLC; 5AIF MAPLE, LLC; 5AIF MAPLE 2, LLC; 5AIF JUNIPER 2 DEP, LLC; 5AIF JUNIPER 2, LLC; 5 ARCH FUNDING CORP; PRESTIGE DEFAULT SERVICES, LLC; 5 ARCH HOLDINGS, LLC; 5 ARCH GROUP, LLC; DOES 1 through 10 and ROES BUSINESS ENTITIES 5 through 10, inclusive.<br><br>Defendants. | Case No. 2:22-cv-00133-ART-BNW<br><br>ORDER ON PLAINTIFFS' MOTION FOR RECONSIDERATION<br>(ECF No. 39) |

Plaintiffs James White and Jean White bring this case alleging multiple causes of action related to a foreclosure. Before the Court is Plaintiffs' motion for reconsideration of this Court's March 31, 2024 order (ECF No. 37) granting Defendants' motion to dismiss (ECF No 39). Plaintiffs subsequently filed a motion to partially withdraw their motion for reconsideration (ECF No. 44), which Defendants did not oppose (ECF No. 45).

For the reasons discussed below, the Court grants in part and denies in part Plaintiffs' motion as to their claim for violation of NRS 108.028. The Court modifies the justification for dismissal of this claim but does not change the result. The Court also denies Plaintiff's motion for reconsideration as to the issue of standing and as to Plaintiffs' statutorily defective foreclosure claim.

I.   **LEGAL STANDARD**

A motion for reconsideration after final judgment may be brought under Federal Rule of Civil Procedure 59(e). *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989) (citing *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985)).

1

"A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc). "[A] Rule 59(e) motion is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Id.* (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e).

Judgment was entered in this case on April 1, 2024. Plaintiffs filed their motion for reconsideration on April 29, 2024, which is timely under Rule 59(e).

## II.     ANALYSIS

Plaintiffs have moved to reconsider the Court's order on two of their claims: violation of NRS 107.028, and statutorily defective foreclosure. As to both claims, the Court's order found that Plaintiffs lacked standing. As to violation of NRS 107.028, the Court's order held that Defendant Prestige substantially complied with NRS 107.028. As to statutorily defective foreclosure, the Court's order held that the foreclosure was not statutorily defective because the court had already found that the 5AID Juniper 2 was the valid beneficiary and the notice of default therefore correctly identified the foreclosing beneficiary.

### A.     Standing

The Court's order held that an action must be prosecuted by the real party in interest under rule 17(a)(1), and at the time of the foreclosure sale, Meritage LLC owned the property because Plaintiff had previously voluntarily transferred ownership to Meritage. (ECF No. 37 at 4.) Thus, Plaintiffs were not the owners of the property and lacked standing to bring this action.

Plaintiffs first argue that it was erroneous for the Court not to provide Plaintiffs will leave to amend to cure the standing issue by amending the

complaint to add Meritage LLC as an indispensable party. Defendants argue that while this would solve the problem of legal standing, it would be futile because lack of standing was only one ground on which the Court granted Defendants' motion to dismiss, and the other grounds, discussed below, were correct. The Court agrees. Because the Court denies Plaintiffs' motion to reconsider its decision as to dismissal on other grounds, amendment to cure the standing issue would be futile.

### B. Violation of NRS 107.028

Plaintiffs argue that Defendant Prestige violated NRS 107.028 because it signed the notice of default on July 14, 2021, the day before Prestige was substituted as a trustee. NRS 107.028, effective July 2011, states in pertinent parts:

> "(5) The appointment of a new trustee is not effective until the substitution of trustee is recorded in the office of the recorder of the county in which the real property is located."
>
> "(7) If…the court finds that the trustee did not comply with this section, any other provision of this chapter or any applicable provision of chapter 106 or 205 of NRS, the court must award to the grantor, the person who holds title of record or the beneficiary:
> (a) Damages of $5,000 or treble the amount of actual damages, whichever is greater;
> (b) An injunction enjoining the exercise of the power of sale until the beneficiary, the successor in interest of the beneficiary or the trustee complies with the requirements of subsections 2, 3 and 4; and
> (c) Reasonable attorney's fees and costs…unless the court finds good cause for a different award."

Additionally, NRS 107.080(5)(a) states that "a sale made pursuant to this section must be declared void… if…(a) The trustee or other person authorized to make the sale does not substantially comply with the provisions of this section."

The Court's order relied on case law from this District holding that even

3

when the agent for a trustee had not been formally substituted as the foreclosure trustee until after issuing notice of default, there is substantial compliance. *Wensley v. First Nat. Bank of Nevada*, 874 F. Supp. 2d 957, 965 (D. Nev. 2012). The Court found substantial compliance here because Prestige signed the notice of default a day before the substitution was recorded, which is a *de minimus* violation.

Plaintiffs argue in their motion that the Court's order was clearly erroneous because NRS 107.028, effective July 2011, changed this analysis as to the substitution of a trustee and renders *Wensley* inapplicable (noting that although *Wensley* was decided in 2012, the substitution of trustee in that case occurred before July 2011, and thus NRS 107.028 did not apply). They argue that the language of NRS 107.028 and the purpose of the 2011 amendment indicate that full compliance is required when substituting a trustee.

Defendants argue in response that NRS 107.028 did not change the substantial compliance standard under NRS 107.080(5)(a), which they argue applies to the entire section. Additionally, Defendants argue that the substitution of trustee and the notice of default were both not effective until they were recorded under NRS 107.028(5) and NRS 107.080(2)(b). Because the substitution of the trustee was recorded before the notice of default, Defendant Prestige *fully* complied with the statute.

Upon reconsideration, the Court modifies the justification for dismissal of this claim, but does not change the result. The Court agrees upon reconsideration that Defendants *fully* complied with the statute. The substitution of trustee, substituting Prestige for Premium Title, was recorded as #2078 on July 15, 2021. The notice of breach and default was recorded as #2079 on July 15, 2021. The substitution of trustee was therefore filed before the notice of breach and default was recorded. Under NRS 107.028(5), a substitution of trustee is only effective once recorded. Under NRS 107.080(2)(b), a notice of default is only effective once

recorded. Thus, these documents only had legal effect at the moment that they were recorded, and not before. While the notice of default was signed before the substitution was recorded, the notice of default had no legal effect on the parties until after the substitution was recorded. Defendant Prestige had legally been substituted as the trustee at the time that the notice of default became legally effective. Accordingly, Prestige fully complied with NRS 107.028. *See White v. 5 Arch Income Fund 2, LLC*, No. 222CV00199RFBNJK, 2023 WL 6393362, at *6-7 (D. Nev. Sept. 30, 2023).

The Court also finds that the purpose of NRS 107.028 is fulfilled here. In *Phillips v. First Horizon Home Loan Corp.*, the Honorable Judge Robert C. Jones wrote,

> "This issue is of no small consequence due to all the recent foreclosures which have and are occurring in an automated fashion in Nevada. The substitutions of trustees and assignments of beneficiaries of deeds often occur several times in the course of a foreclosure. Due to the often conflicting dates of these substitutions, and whether the trustee was in authority to proceed with a non-judicial foreclosure, Nevada legislators recently added a statutes [sic] addressing the problem. Nevada Revised Statute § 107.028 details qualifications, limitations on powers, and the required notice of substituted trustees and became effective July 1, 2011… Among other requirements, it specifically states that the appointment or substitution of a trustee is not effective until it is recorded in the county in which the real property is located. N.R.S. 107.028(4)……"

No. 3:12-CV-00013-RCJ, 2013 WL 1249919, at *3 (D. Nev. Mar. 25, 2013). Here, it was clear to the Plaintiffs once the notice of default was recorded that Prestige had been substituted as the trustee at the time the notice of default was recorded. The purpose of NRS 107.028, to ensure that there is proper notice of authority to proceed with a non-judicial foreclosure sale, was fulfilled by Prestige recording the substitution of trustee before recording the notice of default.

Because upon reconsideration the Court finds full compliance with NRS

107.028, it need not address whether such a non-prejudicial error would amount to substantial compliance under NRS.080.

Accordingly, the Court grants in part and denies in part Plaintiffs' motion to reconsider this claim. While the Court has reconsidered the justification for dismissal of this claim, the Court's finding that dismissal is appropriate has not changed.

### C.     Statutorily Defective Foreclosure

The Court's order granted Defendants' motion to dismiss both on standing and on the merits of Plaintiffs' statutorily defective foreclosure claim. The Court's order stated: "Because the Court has already dismissed Plaintiffs' argument that 5AIF Juniper 2, LLC was not the valid beneficiary because of alleged assignment issues, it will also dismiss Plaintiffs' statutorily defective foreclosure cause of action." (ECF No. 37 at 7.)

Plaintiffs' motion for reconsideration did not specifically address Court's analysis of this claim on the merits or provide any argument as to why the Court's finding that the assignment was valid was clearly erroneous. The Court therefore denies Plaintiffs' motion to reconsider the merits of this claim.

### D.     Plaintiffs' Motion to Strike

In Plaintiffs' reply to Defendants' opposition to the motion to reconsider, they moved to strike Defendants' opposition on the basis that it was untimely. (ECF No. 41 at 2-3.)

Under Federal Rule of Civil Procedure 6(b)(1), a Court "may, for good cause, extend the time" for an action after the time has expired where the party failed to act because of excusable neglect.

At oral argument on the motion to reconsider, Counsel for Defendants indicated that the reason for untimeliness was prior counsel's miscalculation of the deadline. The filing was a total of three days late. Good cause and excusable neglect appearing for Defendants' untimely filing, the Court denies Plaintiffs'

6

motion to strike.

### III. CONCLUSION

It is therefore ordered that Plaintiffs' motion for reconsideration (ECF No. 39) is GRANTED IN PART and DENIED IN PART. Defendants' motion to dismiss (ECF No. 33) remains granted, and judgment in favor of Defendants remains entered in this case.

It is further ordered that Plaintiffs' motion to strike (ECF No. 41) is DENIED.

Dated this 13th day of December, 2024.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE